UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22825-WPD

SONY MUSIC ENTERTAINMENT; SONY
MUSIC ENTERTAINMENT US LATIN LLC;
ZOMBA RECORDING LLC; ARISTA
MUSIC; ARISTA RECORDS LLC; LAFACE
RECORDS LLC; RECORDS LABEL, LLC;
VOLCANO ENTERTAINMENT III LLC,

        Plaintiffs,

v.

VITAL PHARMACEUTICALS, INC. *d/b/a* BANG
ENERGY AND JACK OWOC, AN INDIVIDUAL,

        Defendants.

_____/

## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15, plaintiffs Sony Music Entertainment, Sony Music Entertainment US Latin LLC, Zomba Recording LLC, Arista Music; Arista Records LLC; LaFace Records LLC; Records Label, LLC; and Volcano Entertainment III LLC (collectively, "Sony"), respectfully request leave to file the proposed First Amended Complaint attached as **Exhibit 1** against defendants Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy ("Bang") and Bang's Chief Executive Officer, Jack Owoc ("Owoc") (together, the "Defendants").[1]

### INTRODUCTION

Sony seeks leave to amend the Complaint in this action – for the ***first*** time – based on the discovery since the filing of this action in August 2021 of additional and continuing acts of

---

[1] A comparison of the initial Complaint (the "Initial Complaint") filed in this action against the proposed First Amended Complaint showing changes between those two documents is attached as Exhibit 2.

copyright infringement by the Defendants. This motion is timely under the Court's October 12, 2021 Order in this case. The proposed First Amended Complaint will not prejudice any party and does not assert additional causes of action. Rather, the proposed First Amended Complaint will put before the Court the extent of the Defendants' wanton infringement of Sony's recorded music of which Sony is presently aware and allow Sony to pursue the full measure of damages permitted under the Copyright Act and the jurisprudence of this judicial circuit. That will promote judicial economy by avoiding piece-meal litigation.

As discussed fully below, this action seeks redress for the Defendants' knowing and willful direct and secondary copyright infringement through the unauthorized exploitation and misappropriation of Sony's sound recordings for their social media advertising and marketing of Bang Energy products. Specifically, Sony's claims address Defendants' indisputable infringement, through 261 videos, of at least 160 sound recordings belonging to Sony.

A.   **The Parties**

*Sony*

Sony has been at the forefront of recorded music for nearly a century. It invests considerable resources discovering and developing recording artists. It also invests heavily to create, advertise, promote, sell, and license sound recordings that embody these artists' performances ("Recordings"). Sony *might* realize a return on its investment if an artist's recordings are commercially successful.

Sony indisputably owns or exclusively controls copyrights in the Recordings. As the owner of the Recordings, Sony holds the exclusive rights to, among other things, reproduce the Recordings, prepare derivative works, distribute the Recordings, perform the Recordings publicly, and license these exclusive rights.

Sony's financial incentive to invest in artists and their music flows directly from the

protections afforded by copyright, as well as the revenue that emanates from the Recordings, including license fees generated from the use of the Recordings in films, video games, television, and social media. Contrary to Defendants' belief, Sony's music is not free. Indeed, several of Bang's direct competitors, including Monster Energy and Red Bull, pay Sony hefty license fees to use Sony's Recordings in both television commercials and social media promotions.

### *Bang and Owoc*

Bang is an energy and lifestyle brand that claims to "develop the world's most effective muscle, appearance and performance-enhancing supplementation, beverages and nutrition."[2] Bang's products, including its energy drinks and sports nutrition supplements, are sold throughout the United States, as well as 37 countries worldwide.[3] Defendant Owoc is the Chief Executive Officer, Chief Scientific Officer, and founder of Bang.[4]

Defendants actively market Bang on social media, including the wildly popular TikTok. Defendants rely on an aggressive and conspicuous social media advertising and marketing campaign to gain market share. As part of this campaign, Bang has an in-house production team that: (i) produces and posts video advertisements and (ii) runs a social media ambassador program called "Bang Influencers." The "Bang Influencers" are individuals who Bang commissions to create content across all social media platforms[5] with the aim of generating interest in Bang's products. Bang also partners with several well-known TikTok influencers – *i.e.*, creators who have a substantial number of TikTok "followers" – including Michael Le (51.2 million TikTok followers) and Q Park (28.9 million TikTok followers). (*See* ECF No. 20, Answer ¶ 56).

---

[2] *See* https://bangenergy.com/about/ (last accessed November 9, 2021).
[3] *Id*.
[4] *Id*.
[5] *See* https://bangenergycasting.com/what-does-it-take/ (last accessed November 9, 2021).

Defendants and Bang Influencers publish videos in which Bang products are prominently featured. In these videos, the Bang Influencers wear vibrant outfits with the Bang logo and create dance videos or skits to promote Bang's products. Sony's music is often the soundtrack for Bang's Tik Tok videos. Defendants' social media campaign success is evident in the roughly 5.7 million followers obtained through the social media accounts for Bang and Owoc combined. Bang's branded hashtag has netted over **15.8 billion views** on TikTok alone, while similarly related hashtags #bangenergydrink, #bangenergyceo, have generated millions of views.

B. **Defendants' Infringement**

Defendants, Bang Influencers and other social media influencers working on Bang's behalf have posted at least 261 videos on their Social Media Accounts that include Sony's copyrighted musical works without Sony's permission (the "Infringing Videos"). In addition to the Infringing Videos displayed on the Defendants' Social Media Accounts (whether directly, through reposting of videos by the Bang Influencers or through the posting by others of videos tagged to Bang social media accounts), Bang Influencers post Infringing Videos on their personal social media accounts. Sony has no idea how many of the Bang Influencers post advertisements for Bang that feature Sony content, because many of the Bang Influencers fail to follow FTC regulations regarding the public disclosure of paid endorsements. The potential number of infringing videos that would be at issue in this action could expand dramatically as discovery proceeds.

Notably, on TikTok, users can search for videos based on the songs used in those videos. Unlike other posters on TikTok, however, the Defendants profit from the Infringing Videos by, among other things, building brand value and awareness, engaging consumers, and, of course, increasing sales of Bang products. Defendants exploit trending songs to make the Infringing Videos more appealing to users. For example, Defendants have posted videos using hit songs

such as Becky G's "Shower", Y2K & bbno$'s "Lalala" and StaySolidRocky's "Party Girl" each of which have appeared in over 10 million TikTok videos. By their infringing use of trending music, Defendants are able to gain the attention of TikTok users who would otherwise not have searched for, or been aware, of their products.

Thus, Defendants are directly and secondarily infringing Sony's exclusive rights to reproduce, prepare derivative works based upon, distribute, and publicly perform its copyrighted sound recordings by incorporating or advancing and encouraging the incorporation of Sony copyrighted works into the Infringing Videos, and then making those Infringing Videos available to the public without license or authorization from Sony. This infringement includes, but is not limited to: (a) duplicating sound recordings and adapting Sony's copyrighted works to create new, unauthorized derivative works (*i.e.*, the Infringing Videos); (b) uploading the Infringing Videos to its own computer servers and the computer servers of third-party hosting services and duplicating and reposting Infringing Videos from other social media users own channels; and (c) transmitting the Infringing Videos to consumers through the Defendants' Social Media Accounts. Defendants are also secondarily liable for, among other things, the infringing content created and publicly performed by social media influencers that they hire or encourage to create these advertisements.

C.  **Notice of Infringement, Unsuccessful Attempts at Settlement, and Defendants' Continued Infringement**

Sony first notified Defendants of numerous Infringing Videos in April 2021. During an initial telephone call on April 6, 2021, Sony explained that because Defendants failed to obtain licenses authorizing them to use Sony's copyrighted musical works, Defendants would need to compensate Sony for Defendants' prior unauthorized uses and obtain licenses from Sony if it wanted to continue to use Sony's copyrighted musical works.

Shortly thereafter, Sony sought in good faith to settle the matter and warned Bang that it needed to take down immediately, all videos containing the infringing content. Owing to Bang's

failure to engage in any meaningful settlement discussions and refusal to take Infringing Videos offline, Sony commenced this action on August 3, 2021. Defendants filed their answer on October 4, 2021.

Critically, there are still Infringing Videos specifically identified by Sony to Bang that remain online today.[6] Moreover, the Bang Defendants' willful infringement is evidenced by Infringing Videos posted even after Sony Music filed its initial complaint in this action (the "Initial Complaint") on August 3, 2021. (*See* ECF No. 1).

For example, over a month after the Initial Complaint was filed, TikTok influencers continued to post Infringing Videos. For example, influencer Gil Croes (Gilherm Croes), who currently has 34.9 million TikTok followers, posted an Infringing Video featuring Earth, Wind & Fire's "Let's Groove" where Croes dances to the classic hit with a Bang Energy drink in hand. The video was posted on September 15, 2021. Furthermore, Michael Le, an influencer mentioned by name in Sony's Initial Complaint, posted an Infringing Video on September 21, 2021 where he dances to Doja Cat's "Woman" while drinking Bang's Energy drink. Indeed, just a week ago, Croes posted a video featuring Michael Jackson's "Beat It". All three videos remain online today.

Defendants' willfulness is also evident in the fact that the social media platforms on which the Infringing Videos have been and continue to be posted expressly prohibit use of music without an appropriate license, and particularly in connection with commercial activities. The unequivocal policies are found in: (1) TikTok's Intellectual Property Policy;[7] (2) Facebook's

---

[6] Exhibit 2 to the proposed First Amended Complaint contains a list of Infringing Videos that Sony previously notified the Defendants of and that remain online to date.

[7] *See* TIKTOK, *Intellectual Property Policy,* https://www.tiktok.com/legal/copyright-policy?lang=en (last accessed November 9, 2021) ("TikTok respects the intellectual property rights of others, and we expect you to do the same. TikTok's Terms of Service and Community Guidelines **do not allow posting, sharing, or sending any content that violates or infringes someone else's copyrights**, trademarks or other intellectual property rights.") (emphasis added); *See also* TIKTOK, *Terms of Service,* https://www.tiktok.com/legal/terms-of-service?lang=en (last

Music Guidelines;[8] and (3) Instagram's Terms of Use which incorporate Facebook's Music Guidelines.[9]

It also bears noting that Bang and Owoc are sophisticated parties that expend substantial resources to create and develop Bang's intellectual property, including its social media content. Their knowledge of the value of such intellectual property is perhaps most evident in Bang's own Terms and Conditions.[10] Defendants' understanding of the value of intellectual property rights is further evidenced by its own pursuit of litigation to protect its intellectual property rights.[11] Therefore, Defendants' infringement is demonstrably knowing, intentional, and willful.

**D.    Sony's Claims and the Current Procedural Posture**

As noted, on August 3, 2021, Sony commenced this action and asserted two claims against Defendants: Count I for copyright infringement; and Count II for contributory/vicarious copyright infringement. Defendants filed their Answer on October 4, 2021.

The parties have exchanged Rule 26 Initial Disclosures. Sony served document requests and interrogatories on December 15, 2021. Defendants' responses to those discovery requests are pending. The parties sought to mediate their dispute on November 30, 2021, but did not

---

accessed November 9, 2021) ("Notably, TikTok's Terms of Service unmistakably provide, in all caps: "NO RIGHTS ARE LICENSED WITH RESPECT TO SOUND RECORDINGS AND THE MUSICAL WORKS EMBODIED THEREIN THAT ARE MADE AVAILABLE FROM OR THROUGH THE SERVICE.")

[8] FACEBOOK, *Music Guidelines*, https://www.facebook.com/legal/music_guidelines (last accessed November 9, 2021). ("Use of music for commercial or non-personal purposes in particular is prohibited unless you have obtained appropriate licenses.")

[9] INSTAGRAM, *Terms of Use*, https://help.instagram.com/581066165581870 (last accessed November 9, 2021).

[10] Bang Energy, *Terms and Conditions*, https://bangenergy.com/terms-conditions/ (last visited November 9, 2021) ("***Unauthorized use of the Materials is strictly prohibited and is a violation of the rights of VPX, its affiliates, and/or third parties, including, without limitation, under copyright laws, trademark laws, the laws of privacy and publicity***.") (emphasis added).

[11] *See Vital Pharmaceuticals, Inc. d/b/a VPX Sports v. Monster Energy*, Case No. 0:19-cv-60809-RKA (S.D. Fla. 2019).

reach a settlement.

## ARGUMENT

**A.    Legal Standard**

Pursuant to Rule 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "The burden on a party seeking to amend a pleading 'is minimal' under Rule 15." *Southpoint Condo. Ass'n, Inc.*, 2020 WL 639400, at *6; *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (recognizing the "strong policy of determining cases on their merits").

"Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).  Courts generally grant leave to amend under Rule 15 unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Allen v. Ocwen Loan Servicing, LLC*, No. 17-60828-CIV, 2018 WL 1795460, at *3 (S.D. Fla. Feb. 16, 2018) (Mag. Otazo-Reyes) (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)).

Here, leave to amend is appropriate under Rule 15(a) because the motion is timely made pursuant to the Court's October 12, 2021 Order and there is no substantial reason to deny the amendment.  Sony seeks to place before the Court the full extent of Defendants' copyright infringement and contributory and vicarious copyright infringement of which it is presently aware.  This is also Sony's first request to amend the Complaint.  Defendants cannot credibly claim any prejudice from the proposed amendments because discovery has just commenced, Defendants have not yet provided responses to Sony's discovery requests, the parties have not

taken any depositions and no dispositive or other motions are pending. Accordingly, Sony respectfully submits that amendment is proper under Rule 15(a).

## CONCLUSION

For the foregoing reasons, Sony respectfully requests that the Court grant leave to file the First Amended Complaint attached as **Exhibit 1**.

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1, the undersigned certifies that they have conferred with counsel for Defendants regarding the relief requested in this Motion and that Defendants advised that, while they would consider the Motion, they may oppose it.

Dated: January 12, 2022
Miami, Florida

Respectfully submitted,

| | |
|---|---|
| **PRYOR CASHMAN LLP**<br>*Attorneys for Plaintiffs*<br>255 Alhambra Circle, Suite 8<br>Miami, Florida 33134<br>Telephone: (786) 582-3010<br>Facsimile: (786) 582-3004<br><br>By: s/ *James G. Sammataro*<br>James G. Sammataro<br>Florida Bar No. 520292<br>jsammataro@pryorcashman.com<br>Brendan S. Everman<br>Florida Bar No. 68702<br>beverman@pryorcashman.com | |

## CERTIFICATE OF SERVICE

    I hereby certify that on January 12, 2022 a copy of the foregoing Motion for Leave to File First Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

                                                     */s/ James G. Sammataro*
                                                        James G. Sammataro