UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-22825-WPD

SONY MUSIC ENTERTAINMENT; SONY
MUSIC ENTERTAINMENT US LATIN
LLC; ZOMBA RECORDING LLC; ARISTA
MUSIC; ARISTA RECORDS LLC;
LAFACE RECORDS LLC; RECORDS
LABEL, LLC; VOLCANO
ENTERTAINMENT III LLC,

    Plaintiffs,

v.

VITAL PHARMACEUTICALS, INC. *d/b/a*
BANG ENERGY AND JACK OWOC, AN
INDIVIDUAL

    Defendants.

_____

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This Stipulated Confidentiality Agreement and Protective Order ("Agreement/Order") is entered into by and between plaintiffs Sony Music Entertainment; Sony Music Entertainment US Latin LLC; Zomba Recording LLC; Arista Music; Arista Records LLC; Laface Records LLC; Records Label, LLC; Volcano Entertainment III LLC (collectively, "Plaintiffs"), and defendants Vital Pharmaceuticals, Inc. d/b/a Bang Energy, and Jack Owoc (collectively, "Defendants"). Plaintiffs and Defendants are referred to as the "Parties" or, singularly, as a "Party".

**WHEREAS**, the Parties anticipate that certain documents or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of this litigation ("Action");

**WHEREAS**, the Court has been advised of the Parties' consent to this

1

Agreement/Order, has reviewed the Parties' Joint Motion for Court Approval of Stipulated Confidentiality Agreement and Protective Order, and is otherwise fully advised in the Premises;

**ACCORDINGLY**, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. "Confidential Information" means certain documents, testimony and other materials, and all information contained therein, that: (a) are not generally known to others and have competitive value, such that unrestricted disclosure to others would create a substantial risk of injury; (b) constitute proprietary financial, marketing/sales, technological or otherwise commercially sensitive competitive information that the producing Party maintains as confidential in its business; (c) are of a personal and sensitive nature whether financial or otherwise; (d) pertain to financial or other personal information relating to a Party's employees; (e) contain personal information relating to any individual Party's minor children or family; (f) are subject to binding confidentiality restrictions in connection with another case or matter; or (g) the Parties otherwise agree can be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (as defined in Paragraph 9 below).  In designating information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the designating Party shall make such designation only as to that information that it in good faith believes to be Confidential Information to which such designation applies. The Parties shall designate any information as Confidential Information before it is produced.

2. This Agreement/Order covers Confidential Information and (a) any information copied or extracted from Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by Parties of their Counsel that might reveal Confidential Information.

3. This Agreement/Order shall not restrict the use or disclosure of information that is: (a) independently developed without use of or reliance upon "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material produced by another Party; (b) was, prior to disclosure, rightfully in the possession or knowledge of the receiving Party; (c) is publicly available; or (d) was, is or becomes public knowledge, not in violation of this Agreement/Order.

4. The Parties, and any non-party who may be required to provide documents or information during discovery in this Action, shall designate Confidential Information by marking the documents and/or file names (as in the case of certain types of native electronic documents) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as applicable, or by notifying the other Parties in writing that such classification pertains to specific documents, files, tangible items, or other materials, or by designating Confidential Information as such on the record during a deposition. Documents, files, tangible items, and other materials so designated are collectively referred to herein as "Classified Information."

5. Classified Information may be disclosed solely to the following persons:

(a) The Parties to this lawsuit, including employees and agents of the Parties for purposes consistent with this Agreement/Order and for purposes of this action only;

(b) In-house litigation counsel for the Parties;

(c) Outside counsel of record in this Action, and the attorneys and employees in the respective law firms of such counsel who are assisting counsel of record in this Action;

(d) Persons, including outside technical, graphics, and jury consultants, experts or appraisers and members of their staff, document processing and e-discovery vendors, and the like who are assisting counsel and to whom it is necessary to disclose Classified Information for the purpose of assisting in, or consulting with respect to, the matters at issue in this Action, provided, however, that any such person: (i) has signed the Consent to Be Bound by Stipulated Confidentiality Agreement and Protective Order attached hereto ("Consent Form") prior to viewing or hearing any such Classified Information; and (ii) complies with this Agreement/Order in its entirety. Each Consent Form shall be retained by counsel for the Party producing the Classified Information to any such person, and, in recognition of the attorney-client privilege and the work-product privilege will only be subject to inspection upon court order;

(e) Court personnel;

(f) Court reporters, as to whom it is necessary to disclose the Classified Information for the purpose of adducing testimony in this Action;

(g) Any witness or prospective witness prior to or during any deposition or pre-trial hearing, if the witness or prospective witness is an author or recipient of the Classified Information;

(h) Any other witness or prospective witness prior to or during any deposition or pre-trial hearing; provided, however, that such person: (i) has signed the Consent Form prior to viewing or hearing any such Classified Information; and (ii) complies with this Agreement/Order in its entirety.

6. Persons having knowledge of Classified Information by virtue of their participation in this Action shall use that Classified Information for purposes of this Action only and not for any other purpose, and shall not disclose such Classified Information to any person or entity other than those listed in Paragraph 5. However, nothing shall prevent disclosure beyond the terms of this Agreement/Order if a Party is legally obligated to disclose such information by court order, or as is necessary in communications with auditors retained by any Party, or federal or state regulators. Nothing in this Agreement/Order shall prevent any producing Party from itself voluntarily disclosing its own Classified Information to any person, except as otherwise required by law, by court order, or otherwise as required by law or lawful regulations.

7. If the receiving Party learns that, by inadvertence or otherwise, it has disclosed Classified Information to any person or in any circumstance not authorized under this Agreement/Order, the receiving Party must immediately (a) notify the designating Party of the unauthorized disclosure in writing, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Agreement/Order, and (d) request that such persons or persons execute the "Consent to Be Bound by Stipulated Confidentiality Agreement and Protective Order."

8. Any Party that is served with a subpoena or other notice compelling the production of any Classified Information is obligated within ten (10) business days of such service to advise, in writing, all other Parties to this Agreement/Order (and, in the case of Classified Information produced by a non-party, such non-party) of such subpoena or other notice and provide a copy of any subpoena or other notice. Except as otherwise required by law, the Party served with the subpoena or other notice shall not produce the Classified Information until the later of (a) ten (10) business days after advising the other Parties to this Agreement/Order (and, in the case of Classified Information produced by a non-party, such non-party), in writing, of the subpoena or other notice unless earlier compliance with the subpoena is required, or (b) resolution of any application for court relief made with respect to that subpoena or notice. Such writing must be sent by mail and email to the following:

If to Plaintiffs:

James Sammataro, Esq.
Pryor Cashman LLP
255 Alhambra Cir., Suite 800
Miami, FL 33134
jsammataro@pryorcashman.com

If to Defendants:

Jill J. Ormond
One Renaissance Square
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004
jormond@grsm.com

The Party to this Agreement/Order or non-party that designated the Classified Information as such may object to the production of the Classified Information in response to the subpoena or other notice. If the designating Party timely seeks a protective order or timely objects, the Party served with the subpoena or court order shall not produce any Classified Information before a

determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission, provided such application for a protective order or objection stays compliance with the subpoena. The designating Party shall bear the burden and expense of seeking protection in that court of its Classified Information – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

9. In addition to the other limitations contained in this Agreement/Order, any Party or non-party may specifically designate information or documents as "Highly Confidential – Attorneys' Eyes Only." Documents or information that qualify for this designation are those that the producing Party believes are of a particularly sensitive nature (such that disclosure to persons other than those identified in this Paragraph would be likely to cause serious harm to the disclosing Party, which includes, without exclusion, any harm that the disclosing Party believes may plausibly flow from dissemination of its non-public business sources, methods, or dealings) or that the Parties otherwise agree can be designated as such. The provisions of this Agreement/Order shall apply and be observed with respect to documents and information designated "Highly Confidential – Attorneys' Eyes Only." In addition, however, information designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed *only* to the persons referred to in Paragraphs 5(b) through 5(f) or, in the case of a document, to the party or person that produced the document, but may *not* be disclosed to persons referred to in Paragraphs 5(a), (g) and (h) above or any other persons, except as set forth by further written agreement of the designating Party. For the avoidance of doubt, discovery material designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to the receiving Party's outside and in-house litigation counsel.

10. The Parties shall take reasonable and necessary steps to maintain the security of

Classified Information and will limit access to the Classified Information only to those persons listed in Paragraph 5 of this Agreement/Order, or, as to information designated as "Highly Confidential – Attorneys' Eyes Only," only to those persons listed in Paragraph 9 of this Agreement/Order, provided, however, that nothing in this Agreement/Order shall restrict the ability of any producing Party, in the case of documentary evidence, or of any designating Party, in the case of testimonial evidence, including his/her/its employees, partners, agents, attorneys, or any third party not subject to this Agreement/Order to whom the producing Party may disclose Classified Information, to use Classified Information which the producing Party has supplied in this Action, except as otherwise required by law.

      11.    The inadvertent or unintentional disclosure of Classified Information by the producing Party shall not be deemed as a waiver, in whole or in part, of the producing Party's claim of confidentiality, either as to the specified information disclosed or as to any other information relating thereto. When a producing Party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

      12.    The inadvertent failure to designate information or documents as Confidential, if timely corrected, does not by itself waive the designating Party's right to secure protection under this Agreement/Order for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the Classified Information is treated in accordance with the provisions of this Agreement/Order.

      13.    Except as agreed in writing by counsel of record for the Parties, to the extent that any Classified Information is quoted, attached to any pleading, motion, memoranda, appendix or

other filing in connection with this Action, admitted into evidence or referenced in sufficient detail to disclose Classified Information, the same shall be maintained and shall be designated and treated as Classified Information subject to this Agreement/Order and such Classified Information must be filed under seal, subject to the Court's authority to determine whether the Classified Information merits that designation or should be filed publicly.

14.     Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony are being designated and the applicable designation for each portion within thirty (30) days of receipt of the official transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "Highly Confidential – Attorneys' Eyes Only" until the time within which it may be appropriately designated as provided for above has passed.  Any Classified Information that is used in the taking of a deposition shall remain subject to the provisions of this Agreement/Order, along with the transcript pages of the deposition testimony dealing with such Classified Information.  In such cases, or where a Party provides notice on the record or in writing within thirty (30) days of receipt of the official transcript of the testimony that elicited testimony represents Confidential Information, the court reporter shall be informed of and provided a copy of this Agreement/Order and shall be required to operate in a manner consistent with this Agreement/Order.  In addition, the court reporter shall be required to mark the original and all copies of the transcript (including any rough versions thereof) to indicate that the contents of the transcript, or designated portions thereof, are subject to this Agreement/Order, substantially along the lines of:  "This transcript contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the

operative Confidentiality Agreement/Protective Order in this matter or pursuant to written stipulation of the parties." In the event the deposition is videotaped, the video technician shall be informed of and provided a copy of this Agreement/Order and shall be required to operate in a manner consistent with this Agreement/Order. In addition, the video technician shall be required to mark the original and all copies of the videotape to indicate that the contents of the videotape, or designated portions thereof, are subject to this Agreement/Order, substantially along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Confidentiality Agreement/Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the court reporter, and videographer (if any), any person who is not authorized by this Agreement/Order to receive or access Classified Information based on the designation of such Classified Information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Classified Information.

      15.    A Party shall not be obligated to challenge the propriety of any designation of Classified Information under this Agreement/Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. Any challenge to a designation of Classified Information under this Agreement/Order shall be written, shall be served on outside counsel for the producing Party, shall particularly identify the documents or information that the receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

    (i)    The receiving/objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The producing Party shall have the burden of justifying the disputed designation;

    (ii)    Failing agreement, the receiving Party may bring a motion to the Court for a ruling that the Classified Information in question is not entitled to the status and protection of the producing Party's designation, subject to any and all rules of the Court or Judges overseeing this Action at the time the dispute arises. The Parties' entry into this Agreement/Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

    (iii)    Notwithstanding any challenge to a designation, the Classified Information in question shall continue to be treated as designated under this Agreement/Order until one of the following occurs: (a) the Party who designated the Classified Information in question withdraws such designation in writing; or (b) the Court rules that the Classified Information in question is not entitled to the designation.

16. Nothing herein shall prevent any of the Parties or any non-party from objecting to discovery that they believe to be otherwise improper or shall be construed to affect in any manner the admissibility at the hearing of any document, testimony or other evidence. Nothing herein shall restrict the use of any evidence at the trial of this Action, whether or not it contains information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

17. Upon the conclusion of this Action, including any appeals, at the written request of the producing Party, all Classified Information and any and all copies thereof, shall, within thirty (30) days after such written request, be deleted from all electronic and digital storage media and servers and either destroyed or returned to such producing Party, in accordance with the producing Party's request (or the designating Party in the case of testimonial evidence). At the written request of the producing Party (or the designating Party in the case of testimonial evidence), any person or entity having custody or control of recordings, transcripts, notes, photographs, memoranda, summaries or other writings, and all copies thereof, relating to or containing Classified Information

shall deliver to the producing Party (or designating Party in the case of testimonial evidence) a certification that reasonable efforts have been made to assure that all such Classified Information, any copies thereof, any and all recordings, transcripts, notes, memoranda, photographs, summaries, or other writings regarding the Classified Information (except for attorney work-product) have been deleted (in the case of digital and electronic information) and either destroyed or delivered in accordance with the terms of this Agreement/Order.  Insofar as this Agreement/Order restricts the use of Classified Information, this Agreement/Order shall continue to be binding after the conclusion of this Action.  Notwithstanding this provision, counsel of record for the Parties are entitled to retain one archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, documents and information provided in discovery, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Classified Information.

18. The Parties acknowledge and agree that serious injury could result to any Party and its business if another Party violates this Agreement/Order.  Therefore, each Party agrees that violations of this Agreement/Order shall be enforceable by specific performance and/or injunctive relief, in addition to any other remedies and damages that would be available at law or equity.  In addition to the foregoing, in the event of a proven intentional violation of this Agreement/Order by either Party or others designated in Paragraphs 5 and 9 hereof, the offending Party or persons may be subject to sanctions.

19. The terms of this Agreement/Order may be amended or modified only by written agreement of the Parties.

20. The Parties agree that they are bound by the terms of this Agreement/Order starting at the time of its execution.  Should the Court reject the terms of this Agreement/Order as the

governing Protective Order, in whole or in part, the Parties agree that they will still abide by the Agreement/Order and work together with one another and the Court to enter a suitable Protective Order with substantially similar terms.

| | |
|---|---|
| **PRYOR CASHMAN LLP** <br> 255 Alhambra Circle, 8th Floor <br> Miami, Florida 33134 <br> Telephone: (786) 582-3010 <br> Facsimile: (786) 582-3004 <br><br> By: s/ *James G. Sammataro* <br> James G. Sammataro <br> Florida Bar No. 520292 <br> jsammataro@pryorcashman.com <br> Brendan Everman <br> Florida Bar No. 68702 <br> beverman@pryorcashman.com <br><br> *Attorneys for Plaintiffs* | **GORDON REES SCULLY MANSUKHANI** <br> 100 S.E. Second Street <br> Miami, Florida 33131 <br> Telephone: 305-428-5300 <br><br><br> By: s/ *Andrew R. Schindler* <br> Andrew R. Schindler <br> Florida Bar No. 124845 <br> aschindler@grsm.com <br> Jill J. Ormond, Esq. (admitted *pro hac vice*) <br> jormond@grsm.com <br> Susan B. Meyer (admitted *pro hac vice*) <br> smeyer@grsm.com <br><br> *Attorneys for Defendants* |

DONE AND ORDERED in Chambers at Miami, Florida, on March 3, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-CV-22825-WPD

SONY MUSIC ENTERTAINMENT; SONY
MUSIC ENTERTAINMENT US LATIN LLC;
ZOMBA RECORDING LLC; ARISTA MUSIC;
ARISTA RECORDS LLC; LAFACE
RECORDS LLC; RECORDS LABEL, LLC;
VOLCANO ENTERTAINMENT III LLC,

Plaintiffs,

v.

VITAL PHARMACEUTICALS, INC. d/b/a
BANG ENERGY AND JACK OWOC, AN
INDIVIDUAL

Defendants.

_____

**CONSENT TO BE BOUND BY STIPULATED
<u>CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>**

The undersigned hereby certifies that he or she: (i) has read the Stipulated Confidentiality Agreement and Protective Order in this Action ("<u>Agreement/Order</u>"); (ii) agrees to be bound the Agreement/Order; and (iii) voluntarily submits to the personal jurisdiction of the Southern District of Florida for purposes of the enforcement of the Agreement/Order and the imposition of any sanctions for contempt.

Signature: _____

Printed Name: _____

Employer: _____

Job Title: _____

Dated: _____