UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-22825-DIMITROULEAS/BECERRA

SONY MUSIC ENTERTAINMENT; SONY
MUSIC ENTERTAINMENT US LATIN
LLC; ZOMBA RECORDING LLC; ARISTA
MUSIC; ARISTA RECORDS LLC;
LAFACE RECORDS LLC; RECORDS
LABEL, LLC; VOLCANO
ENTERTAINMENT III LLC,

    Plaintiffs,

v.

VITAL PHARMACEUTICALS, INC. *d/b/a*
BANG ENERGY AND JACK OWOC, AN
INDIVIDUAL

    Defendants.
_____/

## DECLARATION OF DAVID ROSE

I, David Rose, declare as follows:

1. I am over the age of 18 and am competent to make this declaration.

2. I am a partner of Pryor Cashman LLP, counsel for Plaintiffs (the "Sony Parties") in the above-captioned action. I respectfully submit this declaration in support of the Sony Parties' Motion for Spoliation Sanctions (the "Motion").

3. The matters set forth in this declaration are based on my personal knowledge.

4. This matter concerns massive copyright infringement and vicarious or contributory infringement committed by Defendants Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy ("Bang") (an energy drink company) and Jack Owoc ("Owoc") (Bang's CEO) (collectively "Defendants"). Defendants posted and/or encouraged and facilitated the posting by their social media influencers

(the "Bang Influencers") of hundreds of videos on social media platforms, including Instagram, TikTok and YouTube, that used Plaintiffs' copyrighted sound recordings without authorization (the "Videos").

**Defendants Failed to Produce the Videos.**

5. The Sony Parties have actively and diligently sought discovery from Defendants.

6. On December 15, 2021, the Sony Parties served their First Request for Production to Defendants, and First Set of Interrogatories to Defendant Vital Pharmaceuticals, Inc. (i.e., Bang).

7. Throughout the meet and confer process in which the parties engaged, Defendants repeatedly assured the Sony Parties that they were actively reviewing documents and information for production.

8. It ultimately became apparent, however, that despite Defendants' assurances and the extant production order for much of the same information in *UMG Recordings, Inc. et al. v. Vital Pharmaceuticals, Inc. d/b/a Bang Energy et al.*, Case No. 21-cv-60914 (S.D. Fla.) (the "UMG Matter"), Defendants were not going to comply with their discovery obligations without a court order (and based on their abject defiance of the order in the UMG Matter, Defendants' compliance with orders in this case was far from certain).

9. Accordingly, owing to Defendants' continuing discovery violations, their failure to honor their assurances of production, their disregard for the order in the UMG Matter and general conduct that Magistrate Judge Becerra has held to be outrageous, the Sony Parties brought an omnibus motion to compel before Magistrate Judge Becerra. (D.E. 47).

10. The Court has thus far held hearings on that motion on May 3, May 10, May 12 (which hearing lasted almost 6 hours), and May 24, and has issued four discovery Orders

compelling Defendants to produce information sought by the Sony Parties and sanctioning Defendants for their misconduct. (D.E. 40, 43, 46 and 61).

11. The Orders issued by the Court required, among other things, that Defendants immediately produce categories of highly relevant information they had withheld without justification, including in response to Document Requests Nos. 13 and 54, the videos identified in the First Amended Complaint.

12. Defendants, of course, flouted the obligations and deadlines Magistrate Judge Becerra imposed, necessitating the extensive, almost day-long May 12 hearing at which Defendants were sanctioned. (D.E. 46). The Court stated:

> Defendants failed to produce all videos listed in the First Amended Complaint that are responsive to Request Nos. 13 and 54. Plaintiffs' Motion to Compel is hereby **GRANTED**. Defendants are **ORDERED** to produce all 261 videos, in downloaded form and on a rolling basis, to be complete by **Sunday, May 12, 2022 at 12:00 p.m.** Within **7 days** of that production, Plaintiffs shall identify the 25 videos for which Plaintiffs permit Defendants to re-upload and the timeframe for which Plaintiffs permit those 25 videos to remain uploaded. Plaintiffs shall then record those 25 videos via Plaintiffs' preferred manner. Plaintiffs are entitled to costs for the recording or otherwise documenting of those videos by Plaintiffs. Plaintiffs' Motion for Sanctions under Rule 37 as to this late production is also hereby **GRANTED**. Plaintiffs are entitled to recover attorneys' fees and costs not only in connection with Plaintiffs' counsel's attendance at today's hearing, as well as any additional time expended by counsel with respect to efforts to obtain production of the videos responsive to Request Nos. 13 and 54…

(*Id.*).

13. As discussed below, Defendants failed to produce all of the videos at issue in this action because despite express preservation requests and notwithstanding legal obligations to preserve relevant evidence, Defendants have spoliated at least 171 of the 261 Videos that the Court ordered they produce.

**Defendants Have Admitted to Spoliation of the Videos.**

14.     On April 13, 2021, Plaintiffs sent Bang an email regarding its unauthorized use of Plaintiffs' sound recordings that, among other things, expressly demanded that "Bang Energy . . . preserve[] all documents and materials related to the unlicensed use of commercial music" and attached exhibits listing 252 that infringed Plaintiffs' sound recordings videos. (the "Demand Email").  The Demand Email is annexed hereto as **Exhibit 1**.

15.     The parties then entered into a tolling agreement so that they could explore whether Defendants' infringement could be resolved short of litigation.

16.     However, during the May 12 deposition of Bang's Chief IP counsel, Gideon Eckhouse, Mr. Eckhouse revealed that Defendants could not locate an indeterminate number of the very social media videos they had posted or reposted that infringed the Sony Parties' copyrights and that are at issue in this case.  Mr. Eckhouse, despite being the individual to whom the Demand Email had been sent, purported to have no knowledge of and could not explain why those videos could no longer be located or had not been preserved.  The relevant portion of Mr. Eckhouse's May 12 deposition is attached hereto as **Exhibit 2**.

17.     Then, three days later, on May 15, 2022, Defendants served a declaration of Mr. Eckhouse, purportedly based on his personal knowledge, in which he admitted that the vast majority of the Videos at issue had actually been "deleted" and were "no longer accessible" to Bang.  Indeed, "a total of 171 accused social media posts from Plaintiffs' Exhibit 1 [to the First Amended Complaint] are no longer in the custody, control, or possession of Bang Energy" (the "Lost Videos").  Mr. Eckhouse's May 15, 2022 Declaration is attached hereto as **Exhibit 3**.

18.     Mr. Eckhouse also stated in his declaration that Bang took down "no less [sic] than 215 accused social media posts" in "the Summer and Fall of 2021."  Notably, Defendants have

4

recently advised Plaintiffs that they did not record or track the date on which they took down those Videos.  And, despite having an obligation to preserve the videos, Mr. Eckhouse admitted that for videos posted as Facebook videos and Instagram "reels," "deletion of such accused posts from the platform was incidental to taking them down."  Additionally, Mr. Eckhouse stated that Bang took down some of the accused videos by "converting them to 'private mode'" on a social media platform, but inexplicably, "a portion of them are no longer accessible even to Bang Energy."  Mr. Eckhouse further stated that some of the Lost Videos could possibly be saved within the application Dropbox, however, he professed that searching for them would be too difficult to undertake, more than implying that no effort had been made, would be made or could be made to perform such a search.  What Mr. Eckhouse is saying is that the Lost Videos are lost for all actual and practical purposes.

19. Additionally, in the UMG Matter, Defendants' former legal support manager, Alex Rodriguez, testified that he was involved in the process of preserving videos and that "some" videos were not preserved.  Mr. Rodriguez also testified that he did not recall which videos were lost and refused to provide additional details about the preservation process under the guise of a privilege objection.  The relevant portion of Mr. Rodriguez's deposition in the UMG Matter is attached hereto as **Exhibit 4**.

20. After reviewing Mr. Eckhouse's May 15, 2022 Declaration during the May 24, 2022 discovery hearing ("May 24 Hearing"), the Court observed that Defendants had represented to the Court "on multiple occasions" that they actually had the Lost Videos. (May 24 Hearing, at 47:2-10; 47:23-48:6).   Indeed, Defendants represented to the Court, during the May 10, 2022 discovery hearing ("May 10 Hearing"), that "their team [was] working diligently to produce the [Lost Videos] by the end of the day (May 10, 2022), as the Court previously ordered." (May 10

Hearing, at 21:24-22:25). When the Court learned that Defendants only discovered they were missing the Lost Videos on May 13, 2022 or May 14, 2022, the Court asked: "So nobody bothered to start looking for a video until after the last order?" (May 24 Hearing, at 48:12-25). The Court then asked Defendants: "How is that not bad faith? How is that not sanctionable conduct?" (*Id.*, at 49:1-2). Indeed, the Court later stated that it "wasn't expecting…[Plaintiffs] to tell [it] that those videos aren't there now…this is absurd." (*Id.*, at 67:9-13). Excerpts from the Transcript of the Official Electronic Sound Recording of Proceedings for the May 24, 2022 discovery hearing are attached hereto as **Exhibit 5** and an excerpt from the Transcript of the Official Electronic Sound Recording of Proceedings for the May 10, 2022 discovery hearing is attached hereto as **Exhibit 6**.

21. Defendants' failure to preserve the Lost Videos has considerably hindered the Sony Parties' ability to identify and establish the extent of Defendants' infringement. Accordingly, given the preservation demand made in the Demand Email, the preservation obligations Defendants had as a matter of law, Defendants' admitted spoliation of the Lost Videos and the fact that the Lost Videos are critical to Plaintiffs' case, the Sony Parties respectfully request that the Court grant the Motion in its entirety and issue an Order (i) imposing an adverse inference that for each Video identified by Plaintiffs that cannot now be located because that Video was not properly preserved, the Video is deemed to have embodied the copyrighted sound recording as alleged; (ii) imposing an adverse inference that the Lost Videos were viewed as many times and had as much social media engagement and reach as the most popular Videos posted by Defendants or their influencers on social media; (iii) awarding Plaintiffs the attorneys' fees and costs they incurred in bringing this motion; and (iv) granting Plaintiffs such other and further relief as the Court deems just and proper.

22. For purposes of clarity, Plaintiffs are not seeking adverse inference (i) above with respect to those Videos that they were able to locate, but only with respect to the Videos that either they could not locate or could not completely download, and that Defendants cannot now produce. A list of the Videos for which Plaintiffs seek adverse inference (i) is annexed as **Exhibit 7**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in New York, New York.

Dated: June 7, 2022

s/ <u>*David C. Rose*</u>
David C. Rose