UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1-21-cv-22825- WPD

SONY MUSIC ENTERTAINMENT; SONY
MUSIC ENTERTAINMENT US LATIN LLC;
ZOMBA RECORDING LLC; ARISTA
MUSIC; ARISTA RECORDS LLC; LAFACE
RECORDS LLC; RECORDS LABEL, LLC;
VOLCANO ENTERTAINMENT III LLC,

        Plaintiffs,

v.

Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy;
and Jack Owoc, an individual,

        Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUBMISSION REGARDING 30(B)(6) WITNESS COMPETENCY TO TESTIFY ON TOPIC NOS. 13, 14, 15, 20, AND 26**

Defendants Vital Pharmaceuticals, Inc. d/b/a Bang Energy and Jack Owoc ("Defendants") submit the following response to Plaintiffs' submission regarding Daisy Grunewald's competency to testify as a 30(b)(6) witness on Plaintiffs' topic nos. 13, 14, 15, 20, and 26.  Ms. Grunewald competently answers every question pertaining to deposition topics 13, 14, and 15, as these questions only ask about the <u>specific</u> videos identified in the Amended Complaint.  Ms. Grunewald even answers questions about Defendants' video creation, recording inclusion, and upload process generally, even though these are not listed deposition topics.  Ms. Grunewald also competently answers questions pertaining to deposition topic 26 regarding the identity of the Bang representatives who communicated with TikTok, Instagram, or any other social media platform regarding the scope of any license for Bang to use copyrighted music in its social media videos.

1

Plaintiffs' characterization of Ms. Grunewald's testimony as incompetent is grossly distorted, as the only questions to which she could not provide a definitive answer were: (a) the general denomination of Defendants' social media accounts as personal or business – a question that does not relate to the creation, recording inclusion, or upload process of the specific videos identified in the Amended Complaint (she does, however, identify the person who would know the denomination information); and (b) a specific answer to deposition topic 20, "the factual basis for Bang's fourth affirmative defense in its Answer that 'Plaintiffs' claims are barred by Plaintiffs' license, consent, and acquiescence to the use alleged as infringement.'"  Defendants can designate another 30(b)(6) witness to testify as to deposition topic number 20.  Ms. Grunewald's testimony at the referenced page citations demonstrates that she was a qualified and competent 30(b)(6) witness as to all other questions:

- 37:10-38:1 – Ms. Grunewald's knowledge as to the different music libraries on TikTok has no bearing on the process by which certain recordings came to be included in videos identified in the Amended Complaint, or on video creation, or upload process as described in topics 13-15.

- 39:22-40:8 – Ms. Grunewald's personal posting on VPX's TikTok accounts has no bearing on the identified topics.  Likewise, the denomination of VPX's TikTok account has no bearing on video creation, recording inclusion, or upload process in videos identified in the Amended Complaint as described in topics 13-15.

- 40:22-44:5 – the denomination of VPX's TikTok account has no bearing on video creation, recording inclusion, or upload process in videos identified in the Amended Complaint as described in topics 13-15.  Ms. Grunewald competently testified as to the person who would know this information, but the account denomination has no bearing on the listed topics such that she would be required to testify as to this information.

- 52:15-53:3 – Ms. Grunewald knowledgeably answers these questions on the video upload process.

- 53:9-22 – Ms. Grunewald knowledgeably answers these questions on the video upload process.

- 56:6-18 – Ms. Grunewald knowledgeably answers these questions on the video upload process. The denomination of VPX's TikTok account has no bearing on video creation, recording inclusion, or upload process as described in topics 13-15.

- 58:11-62:24 – Ms. Grunewald knowledgeably answers these questions on the video upload process. The denomination of VPX's TikTok account, and Ms. Grunewal's personal TikTok usage, has no bearing on video creation, recording inclusion, or upload process as described in topics 13-15.

- 64:2-10 – TikTok's general music policies do not relate to the specific video creation, recording inclusion, or upload process in videos identified in the Amended Complaint.

- 65:4-67:6 – TikTok's general music policies do not relate to the specific video creation, recording inclusion, or upload process in videos identified in the Amended Complaint.

- 70:15-71:23 – Ms. Grunewald knowledgeably answers these questions on the name of the recording.

- 72:5-73:6 – TikTok's general music policies do not relate to the specific video creation, recording inclusion, or upload process in videos identified in the Amended Complaint. Regardless, Ms. Grunewald knowledgeably answers these questions.

- 73:18-21 – This question does not relate to videos identified in the Amended Complaint. Regardless, Ms. Grunewald knowledgeably answers this question.

- 91:4-92:3 – This question does not relate to videos identified in the Amended Complaint. Regardless, Ms. Grunewald knowledgeably answers this question.

- 94:5-12 – This question does not relate to videos identified in the Amended Complaint. Regardless, Ms. Grunewald knowledgeably answers this question.

- 100:9-22 – This question does not relate to videos identified in the Amended Complaint. Ms. Grunewald's personal posting on accounts has no bearing on the identified topics. Regardless, Ms. Grunewald knowledgeably answers this question.

- 101:24-102:21 – This question does not relate to videos identified in the Amended Complaint. Ms. Grunewald's personal posting on accounts has no bearing on the identified topics. Regardless, Ms. Grunewald knowledgeably answers this question.

- 123:2-8 – Ms. Grunewald knowledgeably answers this question.

- 124:19-125:10 – This general question pertaining to copyright free databases or libraries does not relate to videos identified in the Amended Complaint.

- 141:20-142:13 – Ms. Grunewald's personal song recognition has no bearing on the identified topics.

- 144:21-146:6 – Ms. Grunewald knowledgeably answers these questions.

- 173:2-174:5 – Ms. Grunewald knowledgeably answers the protocol questions. Ms. Grunewald's knowledge as to the denomination of VPX's TikTok account has no bearing on video creation, recording inclusion, or upload process in videos identified in the Amended Complaint as described in topics 13-15.

- 175:24-176:12 – Ms. Grunewald knowledgeably answers these questions.

- 198:17-199:5 – Ms. Grunewald knowledgeably answers these questions, as evidenced by the remainder of the line of questioning in 199:6-21.

- 201:9-22 – Ms. Grunewald's personal search, or any Bang representative's personal search, of the TikTok music library has no bearing on videos identified in the Amended Complaint as described in topics 13-15.

- 212:10-213:7 – This question does not relate to video uploads identified in the Amended Complaint. Regardless, Ms. Grunewald knowledgeably answers this question.

- 226:1-4 – This question does not relate to a specific video identified in the Amended Complaint. Regardless, Ms. Grunewald knowledgeably answers the line of questions, as evidenced in 225:4-25.

- 248:6-17 – Ms. Grunewald's personal search, or any Bang representative's personal search, of the TikTok music library has no bearing on videos identified in the Amended Complaint as described in topics 13-15.

- 263:20-265:3 – This question does not relate to a specific video identified in the Amended Complaint.

As to topic numbers 20 and 26:

- 160:6-164:17 – Ms. Grunewald knowledgeably answers these questions.

- 165:23-167:22 – Ms. Grunewald knowledgeably answers these questions.

- 249:9-250:5 – this question pertains to deposition topic 20, and Defendants can designate another 30(b)(6) witness to opine as to this question.

Ms. Grunewald's competency as to the deposition topics at issue is further demonstrated in the following excerpts:

- 45:10-19
- 48:17-49:1
- 33:24-36:2
- 69:18-24
- 73:23-74:2
- 77:10-25
- 78:22-81:9
- 83:7-84:16
- 86:8-88:3
- 88:17-90:15
- 92:4-25.
- 93:18-22.
- 103:19-104:17
- 108:24-110:21
- 144:12-21
- 197:18-198:5

Dated: June 20, 2022.

QUARLES & BRADY LLP

By: /s/ *Joseph T. Kohn*
Joseph T. Kohn
Florida Bar No. 113869
1395 Panther Lane, Suite 300
Naples, FL  34109
Telephone: (239) 434-4946
Facsimile:  (239) 213-5599
joseph.kohn@quarles.com
*Counsel for Defendants*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 20, 2022, the foregoing document was electronically served upon all counsel of record.

/s/ *Joseph T. Kohn*
Joseph T. Kohn