UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-CV-22825-WPD

SONY MUSIC ENTERTAINMENT; SONY
MUSIC ENTERTAINMENT US LATIN LLC;
ZOMBA RECORDING LLC; ARISTA
MUSIC; ARISTA RECORDS LLC; LAFACE
RECORDS LLC; RECORDS LABEL, LLC;
VOLCANO ENTERTAINMENT III LLC,

     Plaintiffs,

v.

VITAL PHARMACEUTICALS, INC. *d/b/a* BANG ENERGY;
AND JACK OWOC, AN INDIVIDUAL,

     Defendants.

_____/

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

  Pursuant to Southern District of Florida Local Rule 56.1(a), Plaintiffs Sony Music Entertainment; Sony Music Entertainment US Latin LLC; Zomba Recording LLC; Arista Music; Arista Records LLC; LaFace Records LLC; Records Label, LLC; and Volcano Entertainment III LLC (collectively, "Plaintiffs" or "SME") file this statement of material facts in support of their motion for partial summary judgment.

**Plaintiffs' Business and Copyrights**

  1. SME is in the business of producing, marketing, distributing, selling, and/or licensing sound recordings featuring some of the most popular artists in the world. (Declaration of David Jacoby executed on July 13, 2022 (the "Jacoby Dec."), at ¶ 4).

  2. SME's catalogs of copyrighted musical works are extremely valuable, encompassing works by some of the world's hottest and best known artists. (Jacoby Dec., at ¶ 5).

  3. An important part of SME's business involves licensing sound recordings, including for commercial use in social media. (Jacoby Dec., at ¶6-7).

  4. SME owns or controls an aggregate of 211 copyrighted sound recordings at issue in this case (the "Recordings"). (Jacoby Dec., at ¶ 8, 34-97).

5. SME owns or controls exclusive rights to 115 Recordings by virtue of being a named claimant on copyright registrations. (Jacoby Dec., at ¶ 34).

6. SME owns or controls 46 Recordings by virtue of acquiring ownership or an exclusive license through acquisition of or merger with another entity, a corporate name change of one of its labels. (Jacoby Dec., at ¶¶ 42-57).

7. SME owns or controls 42 Recordings by having acquired ownership or an exclusive license through a third party. (Jacoby Dec., at ¶¶ 58-91).

8. SME owns or controls 6 Recordings through ownership or an exclusive license from a foreign affiliate. (Jacoby Dec., at ¶¶ 92-95).

9. SME owns or controls 2 Recordings created before 1972, for which SME filed schedules with the U.S. Copyright Office. (Jacoby Dec., at ¶¶ 96-97).

10. SME distributed all of the Recordings with the appropriate copyright notices. (Jacoby Dec., at ¶ 13)

**Defendants' Business and Marketing Activities**



12. Defendant Jack Owoc ("Owoc") is the founder, Chief Executive Officer and Chief Scientific Officer of Vital Pharmaceuticals, Inc. (Bang, together with Owoc, the "Defendants") (Ex. 1, p. 12:13-15, p. 24:22-25:2).

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███

15. Bang has several official social media accounts on TikTok, Instagram, YouTube, Facebook and Triller. (Ex. 4, p. 15:14-19:7, p. 27:12-29:7, p. 30:4-32:7, p. 77:10-25, 83:3-84:9); (Ex. 2, p. 25:12-27:3, p. 32:14-33:2, p. 72:12-22, p. 74:10-16, p. 75:25-76:6); (Ex. 3, p. 66:2–68:10); (Ex. 13, at VPX-SME-004711); (Bang's Second Supp. Response to Plaintiffs' First Set of Interrogatories, No. 7, Exhibit 14, at p. 5-6).

16. Bang has a "very big social media presence" with several million followers across its official accounts. (Ex. 4, 157:24-158:14); (Deposition of J. Owoc in the UMG Matter, Exhibit 15, at p. 14:11-19; p. 208:12-21).



19. Owoc has official social media accounts created by Bang, including: an official TikTok account (username @bangenergy.ceo) and an official Instagram account (username @bangenergy.ceo) both designated as business accounts. (Ex. 4, p. 17:22-24); (Ex. 1, p. 84:3-85:6; p. 86:17-20); (Ex. 2, p. 72:17-22, p. 74:10-16).

██ ██████████████████████████████████
████████████████████████████████████

21. Defendants have directly posted at least 286 videos that include the Recordings on Defendants' various TikTok, Instagram, YouTube, Facebook and Triller accounts. (D.E. 30, ¶¶ 14-16); (Ex. 14, No. 7 at p. 5-6); (Ex. 4, p. 200:4-201:5); (Declaration of Kobie Brown executed on July 12, 2022 (the "Brown Dec."), at Dec at Ex A); (Jacoby Dec., at Ex.D1); (Ex. 2, p. 29:3-30:15, 51:9-54:2, p. 57:2-58:23, p. 64:16-65:20).

██ ██████████████████████████████████
██████████████████████████



**Defendants' Use and Supervision of Social Media Influencers**

25. Bang also engages popular influencers (the "Influencers") to promote and market Bang and its related products through the Influencers' videos on social media platforms (the "Influencer Videos"). (*See* D.E. 30, ¶ 57); (Ex. 1, p. 76:6-9); (Deposition of M. Davidson, Exhibit 19, p. 39:2-5); (https://bangenergycasting.com/what-does-it-take/ (last accessed July 13, 2022));



26. The Influencers and Defendants have a combined audience of billions of collective social media followers. (Ex. 2, at 165:13-166:15)



29. The Influencers have posted, in the aggregate, at least 98 Influencer Videos that promote Bang using Recordings, 32 of which were identified by SME in the First Amended

---

[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

[2] See Footnote 1.

[3] See Footnote 1.

[4] See Footnote 1.

[5] See Footnote 1.

Complaint, 66 of which were discovered after the filing of the First Amended Complaint and 25 of which were discovered by SME in recent weeks. (Jacoby Dec., at Ex. D1).



---

[6] See Footnote 1.



**Defendants' Awareness of the Need to Obtain Commercial Use Licenses from Sony**

40. Bang employs multiple in-house lawyers, including in-house, intellectual property counsel. (Deposition of G. Eckhouse taken on May 12, 2022, Exhibit 29, p. 60:6-21, p. 66:5-18, p. 78:16-79:9, p. 84:7-20, p. 86:18-87:9); (Ex. 7, p. 14:2-7, p. 15:16-17:19, p. 18:14-21).

41. Bang also has its own "Terms and Conditions" of use that warn users not to infringe, *inter alia*, Bang's copyrights. (*See* Bang's Terms and Conditions, https://bangenergy.com/legal/ (last accessed July 13, 2022); (Ex. 19, p. 34:6-18; p. 37:5-12); (Deposition of M. Davidson in the UMG Matter, Exhibit 30, p. 14:16-16:9).

42. Bang has taken action in the past to enforce its own intellectual property rights. (Ex. 29, p. 15:5-21); (Ex. 7, p. 14:8-16:2).

43. TikTok has two libraries: (1) a "library of licensed music," which is a general music library (the "General Music Library"); and (2) a "Commercial Music Library." (Declaration of Brian Cosgrove executed on July 12, 2022 (the "Cosgrove Dec."), at ¶ 11).

44. The General Music Library is and at all relevant times has been subject to TikTok's Terms of Service that provide that music in that library is for "personal, non-commercial use." (Cosgrove Dec. ¶ 10-11).

45. 

46. SME's Recordings are part of TikTok's General Music Library and have never been available on TikTok's Commercial Music Library. (Cosgrove Dec. ¶¶ 14, 16); (Ex. 24, p. 90:3-7); (Ex. 2, p. 53:1-17).

47. Defendants have at all relevant times been aware of the distinction between TikTok's two libraries.  (Cosgrove Dec. ¶¶ 18-20); (Ex. 24, p. 90:3-7); (Ex. 2, p. 53:1-17).

48. 

51. Instagram's Terms of Use also prohibit the unlicensed "[u]se of music for commercial or non-personal purposes."  (Jacoby Dec., at ¶ 22.b and Exs. J and K).

52.



53. Defendant Owoc never reviewed Instagram's or TikTok's terms and conditions or inquired whether the Platforms' terms and conditions allowed for the commercial use of music. (Ex. 1, p. 56:11-57:24, p. 151:1-3, p. 152:5-7).

54. There is no evidence of either Bang or Owoc ever reviewing the terms and conditions of Facebook, YouTube, or Triller. (Ex. 29, p. 55:25-56:2); (Ex. 24, p. 156:17-21); (Ex. 1, p. 150:5-7, p. 172:14-22).

55. There is no evidence that any Platform ever purported to sublicense let alone encourage Defendants to commercially use SME's Recordings without receiving licenses from SME.

56. ████████████████████████████████████████████████████████████████████████████

### Defendants' Infringements

57. There are no licenses from SME to Defendants to commercially use the Recordings. (Jacoby Dec., at ¶ 20); (Ex. 24, p. 229:3-230:15); (Ex. 1, p. 172:1-13).

58. There are no licenses from SME to any Platforms that would permit end users of any of the Platforms to use the Recordings for commercial purposes. (Jacoby Dec., at ¶ 17-20); (Ex. 19, p. 78:5-13).

████████████████████████████████████████████████████████████████████████████

6█ ████████████████████████████████████████████████████████████████████████████

61. ███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████

62.     Despite such demands, Defendants did not take down their Infringing Videos for months. (Jacoby Dec. at ¶ 28); (*See* D.E. 48-2, at ¶ 4).

63.     Also despite such demands, Defendants did not direct the Influencers to take down their videos. (Ex. 2, p. 105:13-17, p. 124:16-19, p. 128:7-16); (Ex. 24, p. 62:16-63:13, p. 148:5-150:6); (Ex. 29, p. 215:1-216:15).

64.     ███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

65.     Bang and the Influencers continued to post videos including SME's Recordings in 2021 and 2022. (Jacoby Dec., at ¶ 21; Brown Dec., at Column C; (Ex 14., No. 7 at pp. 5-6); (Ex. 24, p. 104:12-107:10); (Ex. 29, p. 215:1-219:12); (Ex. 4, p. 50:3-53:22); (*See* Plaintiffs' First Amended Complaint, D.E. 29, Ex. B).

66.     As of May 2, 2022, 47 videos that Bang received notice of from SME were still accessible. (Jacoby Dec., at ¶ 31, Ex. Q; Brown Dec., at Column C); (*See, e.g.*, https://www.tiktok.com/@bangenergy/video/6942497802572320005 (last accessed July 13, 2022).

67.     The Influencers have continued to incorporate SME's Recordings in their posts promoting Bang and its products. (Jacoby Dec. at ¶ 33, Ex. R)

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3010
Facsimile:  (786) 582-3004


*s/ James G. Sammataro*
James G. Sammataro
Florida Bar No. 520292
David C. Rose (*admitted pro hac vice*)
Brendan S. Everman
Florida Bar No. 68702
jsammataro@pryorcashman.com
drose@pryorcashman.com
beverman@pryorcashman.com

*Attorneys for Plaintiffs*