**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:21-CV-22825-WPD

SONY MUSIC ENTERTAINMENT; SONY
MUSIC ENTERTAINMENT US LATIN LLC;
ZOMBA RECORDING LLC; ARISTA
MUSIC; ARISTA RECORDS LLC; LAFACE
RECORDS LLC; RECORDS LABEL, LLC;
VOLCANO ENTERTAINMENT III LLC,

                Plaintiffs,

v.

VITAL PHARMACEUTICALS, INC. *d/b/a* BANG ENERGY;
AND JACK OWOC, AN INDIVIDUAL,

                Defendants.

_____/

## DECLARATION OF KOBIE BROWN IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Kobie Brown, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of 18 years old and am competent to make this declaration. I am employed as Vice President of Licensing & Business Affairs Administration by plaintiff Sony Music Entertainment (together with plaintiffs Sony Music Entertainment US Latin LLC, Zomba Recording LLC, Arista Music, Arista Records LLC, LaFace Records LLC, Records Label, LLC, Volcano Entertainment III LLC, "SME" or the "Plaintiffs"). I have personal knowledge of the matters set forth in this Declaration and submit it in opposition to defendants' Motion for Summary Judgment ("Defendants' Motion").

2. I have been employed by SME or its predecessors since 2004. My main job responsibility has been and is to review sound recordings delivered to SME by its artists for the presence of previously unidentified music – including whether the sound recording "samples" (*i.e.*,

includes a copy of) third-party sound recordings.

3. I also regularly assist various of SME's departments by listening to third-party sound recordings to confirm whether or not that third-party recording samples an SME owned or controlled sound recording (the "SME Sound Recordings") without authorization.

4. As described fully in the July 12, 2022 declaration that I submitted in this action in support of Plaintiffs' Motion for Summary Judgment (the "Moving Brown Declaration") (D.E. 135), I listened to the music in videos at issue in this action to determine whether the sound recording used in that video contained a copy of at least some portion of an SME Sound Recording. So as not to burden the record, I will not repeat here the process in which I engaged in that respect, which is set forth, along with supporting exhibits, in the Moving Brown Declaration to which the Court is respectfully referred and which I incorporate by reference.

5. For purposes of providing this declaration in response to Defendants' Motion, I relistened to 23 videos I understand to have been posted to social media platforms by defendant Vital Pharmaceuticals, Inc. ("Bang"), defendant Jack Owoc and the social media influencers with which Bang contracts (the "23 Infringing Videos"). I understand that paragraphs 6-8 of the Declaration of Kevin M. Long, executed on July 13, 2022 in support of Defendants' Motion (the "Long Declaration") (D.E. 127-2) addresses 25 videos that SME asserted infringed SME Sound Recordings – 24 in a table following his paragraph 6 and one additional video that is not in the table in paragraph 8. I address 23 of those videos in this declaration.[1] I also understand that in paragraphs

---

[1] In the table that follows the narrative portion of paragraph 6 of the Long Declaration, Mr. Long identifies the artist, track, plaintiff and infringing video URL, respectively. As an initial matter, while Mr. Long identified two URLs corresponding to "The Fresh Prince of Bel-Air" by DJ Jazzy Jeff & The Fresh Prince, both URLs are for the same video; one URL is for the Instagram post of the video and the other URL is for the TikTok post of the video. I listened to the video in both posts. In addition, SME has withdrawn its claim regarding use of the sound recording "Put Your Head On My Shoulder" by Paul Anka. The video at issue infringes the SME Sound Recording "Streets (Silhouette Remix)" by Doja Cat which sound recording samples (*i.e.*, copies) the Paul Anka song; SME is pursuing a claim with respect to the Doja Cat sound recording instead. Finally, the URL for the video relating to the track identified as

6-8 of his declaration Mr. Long contends that the sound recordings in the 23 Infringing Videos "do not correspond to the original work that was produced by the Plaintiff, as the songs in the Accused Videos are remixes or sung by an artist different than the artist in the original work that Plaintiff produced." As discussed below, I have reconfirmed that each of the 23 Infringing Videos contains a copy of at least some portion of an SME Sound Recording.

6. The 23 Infringing Videos are listed and identified by URL in Column E of Exhibit A[2] annexed hereto, and are included in **Exhibit A1** to the Moving Brown Declaration (D.E. 135-1).

7. After relistening to the sound recording contained in each of the respective 23 Infringing Videos, I listened to an MP3 file of the corresponding owned or controlled SME Sound Recording that was supplied by our Digital Operations team from the same content storage system from which SME delivers SME's Sound Recordings to digital streaming and social media platforms such as Spotify, TikTok and Instagram. The MP3 files of each of those SME Sound Recordings are listed and identified by MP3 file name in Column G of Exhibit **A** and are included in Exhibit **A2** to the Moving Brown Declaration (D.E. 135, Ex. A (filed conventionally)).

---

"Savage Love," referenced in Mr. Long's table on page 5 of his declaration, is not an active URL and the video to which it relates was not available to SME to download, nor was it produced by Defendants in discovery. Therefore, it is not apparent how Mr. Long (or whoever purportedly performed the analysis to which he refers) was able to determine what music the video contained. Accordingly, this declaration does not address the video in Mr. Long's table relating to the track "Savage Love." However, because paragraph 8 of the Long Declaration addresses a video that is not included in Mr. Long's table, there are 23 Infringing Videos referenced in his declaration that I address in this declaration. In the course of the relistening exercise addressed in this declaration, I did determine that a video file produced by SME in discovery (SME_00003185 which is included in Exhibit A1 to the Moving Brown Declaration (D.E. 135-1)) was inadvertently mislabeled by SME as containing the song "Savage Love" when it actually contained the SME Sound Recording "Billie Jean" by Michael Jackson (SME_00004221 which is included in Exhibit A2 to the Moving Brown Declaration (D.E. 135-2)). That mislabeling error carried through to the Moving Brown Declaration where Exhibit A to it indicates that the infringing video file with production number SME_00003185 contains a copy of a portion of an SME Sound Recording – which it does – albeit misidentified as "Savage Love" as opposed to "Billie Jean."

[2] Each row in Exhibit A hereto identifies the elements of my process for re-comparing the sound recording contained in each of the 23 Infringing Videos with the SME Sound Recording. Column B and Column C list, respectively, each SME Artist and each SME Track that is featured in each of the 23 Infringing Videos. Column D lists the date that each Infringing Video was posted. Column E lists the URL of each of the 23 Infringing Videos. Column F shows that each sound recording contained in each of the 24 Infringing Videos matched an SME Sound Recording. Column G lists the MP3 File Name of each SME Sound Recording contained in each Infringing Video. Column H identifies whether the SME Sound Recording was used in a remix or was in some way altered in the Infringing Video.

3

8.      I aurally compared each sound recording contained in each of the 23 Infringing Videos with the owned or controlled SME Sound Recording alleged to correspond to the sound recording in each of those Infringing Video. Through that comparison, I determined and reconfirmed that each of the 23 Infringing Videos contains a copy of a portion of the corresponding SME Sound Recording, whether in the form of a remix incorporating the original sound recording, whether as part of a "mashup" with another recording or whether slowed down when copied. The "Yes" in Column F of Exhibit A indicates that each of the 23 sound recordings contained in the 23 Infringing Videos matched the corresponding SME Sound Recording. Column H indicates whether the SME Sound Recording was remixed, mashed up, slowed down or not altered at all.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of July 2022 in New York, New York.

_____
KOBIE BROWN