# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT; SONY MUSIC ENTERTAINMENT US LATIN LLC; ZOMBA RECORDING LLC; ARISTA MUSIC; ARISTA RECORDS LLC; LAFACE RECORDS LLC; RECORDS LABEL, LLC; VOLCANO ENTERTAINMENT III LLC, | Case No.: 1:21-cv-22825-WPD |
| Plaintiffs, | |
| v. | |
| VITAL PHARMACEUTICALS, INC. *d/b/a* BANG ENERGY AND JACK OWOC, AN INDIVIDUAL, | |
| Defendants._____/ | |

## DECLARATION OF MEG LIZ OWOC

I, Meg Liz Owoc, declare as follows:

1. I am the Senior Director of Marketing for Defendant Vital Pharmaceuticals, Inc. ("VPX"). I have personal knowledge of the facts set forth herein and if sworn as a witness could and would testify competently thereto.

2. I understand that Plaintiffs have filed a motion seeking sanctions for documents and videos that have not been produced by VPX. I provide this declaration for the purpose of providing more context regarding these documents.

3. When VPX's marketing department learned of Plaintiffs' demand that VPX stop using music associated with certain social media posts, VPX's marketing removed from its social media posts that VPX's marketing department believed to be at issue. Depending on the platform, some posts were put into private mode and others were deleted from the platform based upon the functionality available in that platform.

1

QB\75538937.1

4. The videos were only ever removed from social media in an effort to comply with the specific demands of Plaintiffs. Before information was removed from social media, the information was public such that anyone could have saved the videos. Specifically, anyone viewing the platform, including Plaintiffs (who presumably viewed the videos before insisting they be deleted), could have determined exactly which videos were infringing, downloaded and saved them, and listed them in their complaint.

5. Because Plaintiffs had identified these posts in their letter to VPX and demanded that VPX stop use of these posts, we believed that Plaintiffs already had the information about these posts that they needed and were asking VPX to take them down as quickly as possible. We understand now that is not the case, and have made, and continue to make efforts to locate the relevant videos and associated information.

6. For the majority of the posts that were removed from the social media platform, VPX has maintained the original source videos. However, these videos are not organized by song title, but are instead organized in a manner associated with the VPX product featured in the post and the date of the post. Because Plaintiffs did not provide the date of the posts they have accused of infringement or provide other information about the content of the videos they accuse of infringement, it has been difficult to locate the relevant files. Through renewed efforts to review VPX's files, VPX has continued to locate relevant files, which I understand have or soon will be provided to Plaintiffs.

7. Ultimately, VPX did not intentionally delete any evidence or documents in its possession regarding the posts and videos at issue in this case, or any analytic data associated with those posts. In fact, as stated above, VPX originally made all the posts public, and then only took down certain posts at the specific direction of Plaintiffs. I do not know whether Plaintiffs have attempted to obtain that information from social media platforms, such as TikTok,

directly from those companies (either before or after they demanded that the posts be taken down), or whether that information is still available to them.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 30th day of August, 2022.

                                                */s Meg Liz Owoc*
                                                Meg Liz Owoc