UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-22825-WPD/Becerra

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

VITAL PHARMACEUTICALS, INC. *d/b/a*
BANG ENERGY, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs Sony Music Entertainment, Sony Music Entertainment US Latin LLC, Zomba Recording LLC, Arista Music, Arista Records LLC, LaFace Records LLC, Records Label, LLC, and Volcano Entertainment III LLC's (collectively, "Plaintiffs") Motion for Spoliation Sanctions (the "Motion"), ECF No. [80]. Plaintiffs also filed an affidavit by Plaintiffs' counsel in support of the Motion, ECF No. [81]. Defendants Vital Pharmaceuticals, Inc. d/b/a Bang Energy and Jack Owens (collectively, "Defendants") filed a Response in Opposition to the Motion (the "Response"), ECF No. [104], and an affidavit by Defendants' counsel in support of the Response, ECF Nos. [105], [107]. Plaintiffs filed a Reply (the "Reply"), ECF No. [122], and a Notice of Supplemental Authority, ECF No. [195]. Defendants later filed two additional affidavits in support of the Response, ECF Nos. [202], [203]. The Parties appeared before the undersigned for a hearing on the Motion on September 8, 2022 (the "Hearing"). *See* ECF No. [212]. Upon consideration of the Motion, the Parties' arguments, and the pertinent portions of the record, and for the reasons stated below, Plaintiffs' Motion is hereby **GRANTED IN PART AND DENIED IN PART.**

I.   BACKGROUND

Plaintiffs are before the Court seeking sanctions for Defendants' failure to preserve and produce copies of the videos that are at the heart of this action—namely, Defendants' marketing videos that Plaintiffs allege were used without their permission and that include Plaintiffs' copyrighted music. There is no dispute that some of the videos at issue were not preserved at all, and there is no dispute that many of the videos that were produced were not preserved with the engagement data (i.e., how many views, how many "likes") that Defendants should have preserved. Now, Plaintiffs seek sanctions against Defendants for spoliation of those videos and the engagement data associated with them.

The discovery cutoff in this case was May 12, 2022. ECF No. [33]. Prior to that deadline, the Parties appeared before the undersigned on May 3, 2022, for a discovery hearing regarding, among other issues, Plaintiffs' request for multiple videos that Defendants did not produce. *See* ECF No. [39]. On May 9, 2022, the Court ordered Defendants to produce the responsive videos within seven days. ECF No. [40]. Defendants did not produce the videos.

The Parties appeared before the undersigned again on May 10, 2022, for a discovery hearing regarding, among other issues, the same unproduced videos. *See* ECF No. [41]. The Court ordered Defendants *again* to produce the responsive videos by 6:00 p.m. that day. ECF No. [43]. Defendants did not produce the videos.

Two days later, the Parties once again appeared before the undersigned for a discovery hearing regarding, among other things, the same unproduced videos. *See* ECF No. [45]. Again, after further representations from Defendants that materials were still being gathered, this Court ordered Defendants to produce all videos at issue by May 12, 2022. ECF No. [46]. Again, Defendants failed to produce the videos.

Following yet another discovery hearing, this Court issued an order on May 26, 2022, ECF No. [61], in which the undersigned permitted Plaintiffs to file a motion for sanctions regarding Defendants' repeated failure to produce the videos. Indeed, given the undersigned's Discovery Procedures, Plaintiffs were not permitted to file a written motion on the issue without leave of court.

Plaintiffs filed the instant Motion, ECF No. [80], as well as an affidavit by Plaintiffs' counsel David Rose supporting the same, ECF No. [81], on June 7, 2022. Plaintiffs' Motion seeks sanctions for spoliation of evidence by Defendants. *See* ECF No. [80]. Specifically, Plaintiffs allege that Defendants failed to preserve certain videos containing infringing copyright music, as well as the engagement data associated with those and other videos. *Id.* at 2–3. Plaintiffs assert that the spoliation was in bad faith, that Plaintiffs were severely prejudiced by the failure to preserve the evidence, and that sanctions are warranted. *Id.* As a result, Plaintiffs propose the following sanctions: (1) the imposition of "an adverse inference that for each video identified by Plaintiffs that cannot now be located because that video was not properly preserved, the video is deemed to have embodied the copyrighted sound recording as alleged"; (2) the imposition of an adverse inference that "the videos that were not preserved were viewed as many times and had as much social media engagement and reach as the most popular videos posted by Defendants or their influencers on social media"; and (3) an award of attorneys' fees. *Id.* at 13.

Defendants filed a Response on June 17, 2022, ECF No. [104], and an affidavit by Defendants' Counsel supporting the same, ECF Nos. [105], [107]. Defendants' Response emphasizes that an additional set of documents was produced on June 2, 2022, including screenshots of some of the missing videos. *See* ECF No. [104] at 4. This production, Defendants contend, negates most if not all prejudice caused by the failure to produce videos. *Id.* Defendants

assert that there was no bad faith conduct in the spoliation of evidence because the failure to preserve was inadvertent. *Id.* at 7–8. Finally, Defendants contend that if sanctions are deemed appropriate by this Court, the specific sanctions requested by Plaintiffs are overbroad. *Id.* at 8. Defendants instead put forth the following inferences: (1) that "the video existed"; (2) that the video "embodied the song listed"; and (3) that the video "either (a) received as much engagement as the average post by that account, or (b) received as much engagement as the video posted immediately before or after on that same account." *Id.* at 10.

Plaintiffs' Reply asserts that Defendants' late production of screenshots was insufficient to cure any prejudice because, as Defendants noted, "the name of the song used on the TikTok video itself does not always correlate with the actual song used in the video." ECF No. [122] at 4 (quoting ECF No. [104] at 5). Plaintiffs also reiterate that Defendants do not dispute that they had a duty to preserve the videos at issue and they failed to do so. *Id.* at 5. Whether that failure was intentional, Plaintiffs argue, is of no effect because the standard for bad faith is either "intentional misconduct or reckless disregard of the consequences." *Id.* at 6.

On August 16, 2022, Plaintiffs filed a Notice of Supplemental Authority (the "Notice of Authority"). ECF No. [195]. The Notice of Authority alerted the undersigned to an order entered on August 11, 2022, by Magistrate Judge Patrick Hunt in *UMG Recordings, Inc. v. Vital Pharmaceuticals, Inc. d/b/a Bang Energy* (hereinafter, the "Universal Sanctions Order"), a pending case brought against the same Defendants that posed virtually the exact issues here (hereinafter, the "Universal Matter"). *See generally id.* (citing Order, *UMG Recordings, Inc. v. Vital Pharms., Inc. d/b/a Bang Energy*, No. 21-cv-60914 (S.D. Fla. Aug. 11, 2022), ECF No. [261]). There, the Court awarded sanctions against Defendants for their failure to preserve and produce the marketing videos, the same kind of videos at issue here. *See* ECF Nos. [195] at 1–3;

4

[195-1]. Judge Hunt imposed the following sanction to address the spoliation of evidence: (1) an adverse, rebuttable inference against Defendants that "should song ownership be proven, [p]laintiffs have also established the second element of a copyright infringement claim, copying of constituent elements of the work that are original"; and (2) an adverse, rebuttable presumption that for the deleted videos, "the videos had the same reach as an average or comparable post by the account on which the video was posted." *See id.* Plaintiffs assert that Magistrate Judge Hunt's order is instructive in finding bad faith and awarding spoliation sanctions. ECF No. [195] at 2.

On August 30, 2022, Defendants filed two additional affidavits in support of their Response: an affidavit by Defendants' counsel, Shauna Manion (the "First Manion Affidavit"), ECF No. [202]; and an affidavit by the Senior Director of Marketing for Defendant Vital Pharmaceuticals, Inc., Meg Liz Owoc (the "Owoc Affidavit"), ECF No. [203]. The First Manion Affidavit outlines details of yet another document production on August 17, 2022, approximately two months after the date of Defendants' Response, and months after the close of discovery. ECF No. [202] at 2. The Owoc Affidavit asserts that Defendants did not intentionally delete the videos requested but rather removed them from social media platforms quickly in an effort to comply with Plaintiffs' demands, and cannot now locate or reproduce them due to the nature of how the videos are stored and organized. ECF No. [203] at 1–3. Defendants filed another affidavit on September 2, 2022, by Defendants' counsel, Shauna Manion (the "Second Manion Affidavit"), ECF No. [208]. The Second Manion Affidavit outlined an additional production by Defendants on September 2, 2022 of more videos and associated screenshots. *See* ECF No. [208].[1]

---

[1] On September 8, 2022, immediately prior to the Hearing, Defendants filed a Notice of Withdrawal of Particular Arguments from Defendants' Motion for Summary Judgment and Defendants' Reply in Support of Summary Judgment, ECF No. [211]. In that Notice, Defendants withdrew "their argument, discussed on page 12 of their Motion for Summary Judgment (DE 126), as it pertains to those 11 Accused Videos that are subject to the pending spoliation motion, on the

At the Hearing, the Parties clarified their positions on the matters before the Court, and provided updated information regarding the status of the production of videos and engagement data by Defendants. The videos at issue fall into two categories. First, there is a set of twenty two videos which were neither produced prior to the close of discovery, nor by the dates set forth in the subsequent orders of the Court (the "Unproduced Videos"). Second, there is a set of 171 videos for which videos have now been produced but for which no engagement data[2] was produced (the "Data-Free Videos"). The undersigned will address each in turn.

## II.   ANALYSIS

The moving party carries the burden of proof to establish spoliation. To do so, "the party seeking sanctions must prove several things; first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to provide its prima facie case or defense." *Penick v. Harbor Freight Tools, USA, Inc.*, 481 F. Supp. 3d 1286, 1291–92 (S.D. Fla. 2020) (quoting *Walter v. Carnival Corp.*, No. 09-cv-20962, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010)). However, even when these elements are met, a party's actions only merit sanctions when the spoliation comes about as the result of bad faith. *Id.* "Courts in this district have interpreted 'bad faith' in the spoliation context to not require a showing of malice or ill-will, but rather conduct evidencing more than mere negligence." *Id.* at 1293 (collecting cases).

---

basis that Defendants have since found and produced the 11 videos since the filing of their Motion for Summary Judgment." ECF No. [211] at 1. In short, Defendants' argument that Plaintiffs failed to produce eleven videos at issue was withdrawn after Defendants were able to locate and produce them instead. *Id.*; ECF No. [126] at 12.

[2] Engagement data as used herein refers to the analytics associated with videos showing interactions with videos (likes, comments, views, etc.) on the date of takedown. Whether the information was obtained at the time of takedown is no consequence, so long as the data itself is reflective of data at the time of takedown.

### A. The Unproduced Videos

Plaintiffs assert that there were twenty-two videos that were not produced *at all* prior to the discovery cut-off.  ECF No. [122] at 2.  Defendants do not dispute the timing of production, but rather emphasize the fact that screenshots and/or videos for most of that subset were *eventually* produced and those videos should not be considered when assessing sanctions.  ECF No. [104].  Defendants' failure to produce these videos within the allotted discovery period cannot be cured with a unilateral rolling production extending well-beyond discovery and even into the summary judgment stage.  Therefore, the Court will consider all twenty-two videos as the set of Unproduced Videos for its analysis.  At the Hearing, the Parties conceded that this set of videos was in a different posture.  As to the Unproduced Videos, the undersigned finds that Defendants' conduct here was in bad faith, as defined.  Defendants were well-aware of their duty to retain the videos, having been asked to do so as early as April 13, 2021.  ECF No. [80] at 3.  It is unclear why Defendants were unable to produce these twenty-two videos prior to the discovery cutoff, yet somehow were able to produce videos and/or corresponding screenshots of them afterwards.  Defendants failed to preserve these videos as required, and further failed to disclose the corresponding screenshots in time.  Defendants' subsequent production occurred so late as to eventually deprive Plaintiffs of a meaningful opportunity to include the videos in this case.  Such actions deprived Plaintiffs of crucial evidence to which they were entitled and caused them prejudice, as they cannot adequately address them in this case—which they are clearly entitled to do.  Indeed, Plaintiffs subsequently filed a Notice to Supplement the Record to include some of these late videos for purposes of their Motion for Summary Judgment, ECF No. [206], but the Notice was stricken by the District Court as the record was closed.  ECF No. [210].  The

undersigned finds that Defendants' actions, taken as a whole, more than satisfy the bad faith standard for spoliation regarding the Unproduced Videos.

The Universal Matter contained nearly identical facts related to the unproduced videos in that case. As a sanction for the spoliation, Magistrate Judge Hunt entered the following adverse, rebuttable inference: "should song ownership be proven, [p]laintiffs have also established the second element of a copyright infringement claim, copying of constituent elements of the work that are original." [195-1] at 6. At the Hearing, the Parties agreed that that inference here would also be proper. Because there was spoliation as to the Unproduced Videos, the undersigned finds that an adverse inference regarding copying is appropriate, and adopts the same inference provided by Judge Hunt. Thus, for each of the Unproduced Videos, Plaintiffs shall receive a rebuttable presumption that, should song ownership be proven, Plaintiffs have also established the second element of a copyright infringement claim, copying (both legal and factual) of constituent elements of the work that are original.

**B. The Data-Free Videos**

Plaintiffs assert that there are 171 videos for which engagement data was missing at the time of the discovery cutoff, although some videos without the data have been produced. ECF No. [80] at 8. Defendants discussed at length during the Hearing the fact that there was subsequent production of engagement data for many of the videos. However, after considerable argument, Defendants ultimately revealed that additional data was only provided for 5 of the 171 videos at issue. Again, it is unclear why Defendants were unable to produce engagement data in a timely fashion for the Data-Free Videos and then produce data for an incredibly small subset only following the discovery cutoff. Defendants should have preserved this data, notified any other custodians to do the same, and implemented appropriate measures for that preservation within the

discovery period.  Therefore, as with the Unproduced Videos, the Court will consider all 171 videos as the set of Data-Free Videos, and disregard the fact that any additional data was produced after the discovery cutoff given that the material produced appears to be very limited in scope and in value given the limited information that was provided.

As to the Data-Free Videos, the undersigned finds that Defendants' conduct here was in bad faith, as defined.  Defendants were well-aware of their duty to retain the videos in their original form with accompanying data, having been asked to do so as early as April 13, 2021.  ECF No. [80] at 3.  Defendants failed to preserve these videos as required, and have inexplicably lost or destroyed the original formats of the same containing engagement data.  Defendants' subsequent, nominal production occurred so late and under such circumstances as to essentially deprive Plaintiffs of a meaningful opportunity to include that engagement data in this case.  Such actions deprived Plaintiffs of crucial evidence to which they were entitled and caused them severe prejudice, as they cannot adequately address them in this case—which they are clearly entitled to do.  The undersigned finds that Defendants' actions, taken as a whole, more than satisfy the bad faith standard for spoliation regarding the Data-Free Videos.

Here, too, the Universal Matter had nearly identical facts related to data-free videos in that case.  Given the spoliation, Magistrate Judge Hunt entered the following adverse, rebuttable inference, that: "the videos had the same reach as an average or comparable post by the account on which the video was posted." *See* ECF No. [195-1].  At the Hearing, Plaintiffs argued that the Court should not use the same language of Judge Hunt's Order, but that a stronger inference, that each Data-Free Video received as many views and had as much social media engagement and reach as the most popular videos posted by Defendants or their influencers on social media.  Defendants argued that the Court should, at most, use the same inference that Judge Hunt ordered,

9

preferably with the exclusive inference that each Data-Free Video received only the *average* number of views (as opposed to "average or comparable") and amount of social media engagement and reach as all of the videos posted by Defendants or their influencers on social media.

Because there was spoliation as to the Data-Free Videos, the undersigned finds that an adverse inference as to the viewership of the videos is an appropriate sanction. The undersigned finds that the inference ordered in the Universal Matter is appropriate here, with one minor adjustment. The Parties' arguments at the Hearing revealed the imprecision behind the use of "average" in this context when multiple accounts are posting unique videos. The undersigned finds that the use of "comparable" alone would reduce some of the ambiguity. Thus, for each of the Data-Free Videos, Plaintiffs shall receive a rebuttable presumption that the videos had the same reach as a *comparable* post by the account on which the video was posted.

### C. Attorneys' Fees

Plaintiffs additionally seek attorneys' fees pursuant to Federal Rule of Civil Procedure 37. ECF No. [80] at 13. For the reasons stated above and the reasons stated at the Hearing, Defendants failed to comply with *multiple* discovery orders of this Court. Thus, in addition to the above, Plaintiffs are entitled to reasonable attorneys' fees and costs associated with the instant Motion, including but not limited to drafting the Motion and Reply, and attending the *various* hearings on this issue. As stated at the Hearing, the Parties are ordered to confer regarding the amount of attorneys' fees and costs that are reasonable in this instance. Specifically, Plaintiffs shall provide Defendants with their reasonable request for attorneys' fees and costs within thirty days of the date of this Order. Should the Parties be unable to agree on an amount of reasonable fees, they are directed to set a hearing before the undersigned pursuant to the undersigned's Discovery Procedures so that the matter of the amount can be resolved expeditiously.

### III.    CONCLUSION

For the reasons stated above, Plaintiffs' Motion is hereby **GRANTED IN PART AND DENIED IN PART**. For each of the Unproduced Videos, Plaintiffs shall receive a rebuttable presumption that, should song ownership be proven, Plaintiffs have also established the second element of a copyright infringement claim, copying (both legal and factual) of constituent elements of the work that are original. For each of the Data-Free Videos, Plaintiffs shall receive a rebuttable presumption that the videos had the same reach as a comparable post by the account on which the video was posted. Finally, Plaintiffs are awarded attorneys' fees and costs associated with the instant Motion.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 13, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE