**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-CV-22825-DIMITROULEAS/BECERRA**

SONY MUSIC ENTERTAINMENT; SONY
MUSIC ENTERTAINMENT US LATIN
LLC; ZOMBA RECORDING LLC; ARISTA
MUSIC; ARISTA RECORDS LLC;
LAFACE RECORDS LLC; RECORDS
LABEL, LLC; VOLCANO
ENTERTAINMENT III LLC,

       Plaintiffs,

    v.

VITAL PHARMACEUTICALS, INC. *d/b/a*
BANG ENERGY AND JACK OWOC, AN
INDIVIDUAL

       Defendants.

_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE**
**OPINION TESTIMONY REGARDING REASONABLE LICENSE FEES**

      Plaintiffs Sony Music Entertainment, Sony Music Entertainment US Latin LLC, Zomba

Recording LLC, Arista Music, Arista Records, LLC, LaFace Records LLC, Records Label, LLC,

and Volcano Entertainment III LLC (collectively, "Plaintiffs" or "SME") respectfully submit this

memorandum of law in opposition to the Motion *in Limine* to Exclude Opinion Testimony

Regarding Reasonable License Fees ("Motion") filed by Defendants Vital Pharmaceuticals, Inc.

*d/b/a* Bang Energy and Jack Owoc (collectively, "Defendants").

**PRELIMINARY STATEMENT**

      Defendants' Motion to exclude testimony from SME witnesses regarding the actual

damages that resulted from Defendants' infringement of SME's sound recordings (the

"Recordings") should be summarily denied.  Defendants raised, and lost, the same fundamental

argument when they previously asserted that SME had failed to offer any admissible evidence of its actual damages. In rejecting Defendants' argument the first time, the Court found that "Plaintiffs have submitted evidence of license agreements establishing what licensors have paid for comparable works." *Sony Music Entm't v. Vital Pharms., Inc.*, No. 1:21-cv-22825-WPD, D.E. 215, at *33-34 (S.D. Fla. Sept. 14, 2022) ("Omnibus Order").

This ruling entitles SME to present witnesses to explain how its benchmark licenses inform the licensing fees that SME would have charged Defendants for their uses of the Recordings had Defendants chosen to lawfully license the works, instead of choosing to unlawfully infringe them. Through their Motion, Defendants effectively seek to relitigate the Court's previous denial of their summary judgment motion. *See Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*, No. 806-CV-CV-421T33EAJ, 2008 WL 4164931, at *3-4 (M.D. Fla. Sept. 5, 2008) (denying defendant's motion *in limine* that effectively sought to revisit argument that movant had lost on summary judgment, and explaining: "This court is not inclined to revisit summary judgment on the eve of trial in response to 'motions in limine' that are actually dispositive motions filed well-past the deadline and on issues that have been fully litigated").

SME's witnesses, whose specific jobs are to set and negotiate licensing fees, are competent to testify as fact witnesses as to what SME would have actually charged Defendants for their and their influencers' infringing uses of SME's Recordings.

Even when viewed through the prism of "opinion" testimony, as Defendants' argue should be done, SME's witnesses are competent to testify under Federal Rule of Evidence 701 based upon their particularized experience and perceptions of how SME actually charges license fees for the kinds of uses that Defendants and their influencers freely employed.  Defendants' contention that *only* a qualified expert under Federal Rule of Evidence 702, not SME itself, could opine about the

fees SME would have charged Defendants is meritless.

## **ARGUMENT**

## I.   **SME'S WITNESSES ARE COMPETENT AS FACT WITNESSES TO TESTIFY ABOUT SME'S LICENSING FEES FOR THE INFRINGED RECORDINGS**

It is long-established that "'an owner of property is competent to testify regarding its value.'"  *Neff v. Kehoe*, 708 F.2d 639, 645 (11th Cir. 1983) (citations omitted).  This includes testimony from a copyright owner "'as to the extent to which the copyright's value has been injured or destroyed by [D]efendant[s'] actions.'" *Watson v. K2 Design Grp., Inc.*, No. 15-cv-61020-BLOOM/Valle, 2016 WL 11783284, at *11 (S.D. Fla. Aug. 9, 2016) (citation omitted).

In particular, a copyright owner is competent to testify as to the "hypothetical licensing fees" that the owner would have charged, so long as the owner's testimony is based upon past licensing practices or other benchmark evidence that could reasonably support a finding that the infringed property had a "fair market value."  *Id.* (citations omitted); *accord Duncanson v. SJ Wathen Bloomington, LLC*, No. 614-cv-704-ORL-40KRS, 2018 WL 1071958, at *5 (M.D. Fla. Feb. 27, 2018) (finding after bench trial that plaintiff was entitled to actual damages based upon plaintiff's offering of evidence of her past licensing fees for similar uses of artwork); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 161 (2d Cir. 2001) (finding that plaintiff's evidence of one prior royalty from publication of photo using copyrighted eyewear "was sufficiently concrete to support a finding of fair market value" for actual damages); *Laspata DeCaro Studio Corp. v. Rimowa GmbH*, No. 16 Civ. 934 (LGS), 2018 WL 3059650, at *6 (S.D.N.Y. June 20, 2018) (denying defendant-infringer's summary judgment motion and finding that plaintiff-marketing agency was competent to testify to a hypothetical reasonable license fee even though plaintiff's practice was not to license its works because the plaintiff's "restrictive licensing policy does not imply that its

work has no market value," and that plaintiff's fees charged to its clients to produce the images at issue was sufficient "evidence that these images have value in the market").

As was the case with their unsuccessful summary judgment motion, Defendants have not, and cannot, offer competing authority.  Instead, Defendants request that the Court ignore these prior decisions and make new law – one which would bar victims of copyright infringement from relying on its own past licensing practices and benchmark licenses to testify to the licensing fee it would have charged an infringing defendant.  The Court should, for a second time, decline Defendants' invitation to rewrite the law.  *See also Morsch v. JP Morgan Chase Bank, N.A.*, No. 618CV148ORL40DCI, 2018 WL 5830557, at *5 (M.D. Fla. Nov. 7, 2018) ("'[A]n owner is always competent to give h[er] opinion on the value of h[er] property.'… The owner need not be an expert, she need only be familiar with the characteristics of the property, have knowledge or acquaintance with its uses and purposes, and experience in dealing with it.") (citation omitted).

SME's witnesses are competent to testify as to both the fair market value of the infringed Recordings and the licensing fees that SME would have charged Defendants to use the Recordings, based upon the benchmark licenses that this Court already found constitutes admissible evidence of actual damages.  (Omnibus Order, D.E. 215, at *33-34.)  Indeed, SME's Rule 30(b)(6) deponent, Jessica Shaw, testified that ███████████████████████████████████████████████ ███████████████████████████████████████████████.  *See* Declaration of Jessica Shaw, executed on July 26, 2022 ("Shaw Decl.") (D.E. 166) at ¶¶ 4-10 ("██████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████.").)

Defendants' Motion to limit SME's witnesses to testify only about the benchmark licenses themselves, without being able to testify how those licenses would have informed SME's charging of licensing fees to Defendants (had they asked), should be denied.

## II.      SME'S WITNESSES ARE COMPETENT UNDER RULE 701 TO TESTIFY ABOUT SME'S LOST LICENSING FEES

Defendants' Motion asserts that only an expert with "specialized knowledge" under FRE 702 can examine and "opine" as to the licensing fees that SME would have charged Defendants. Defendants' argument is misguided.

For one thing, SME will not be offering an 'opinion' about the type of factors that SME 'should' consider in setting licensing fees for Defendants' uses of the Recordings.  SME will testify to the "***core factors***" that SME ***actually*** considers in determining its licensing fees, and how those core factors would have been applied to determine licensing fees for Defendants' and their influencers' uses of the Recordings.  (Deposition of Jessica Shaw taken on July 21, 2022 ("Shaw Dep."), at 57:3-15 (identifying ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████.") (relevant pages from the Shaw Dep. are annexed hereto as Exhibit 1); Shaw Decl. ¶ 10 (explaining that, even though Defendants chose not to "put any of the [benchmark] Licenses before [her] or ask [her] any specific questions about a particular License" during her Rule 30(b)(6) deposition, those licenses do, in fact, illustrate how SME evaluates its core factors to determine similar licensing fees).)

All of the "core factors" that SME considers in determining what to charge third parties are known in this case for each respective Recording and infringing video.  It is perfectly appropriate for SME to explain to the jury how these known inputs would have led to particular licensing fees for the infringing videos. Defendants could have asked SME's Rule 30(b)(6)

deponent at her deposition what the lost licensing fees would have been, but they chose not to do so.  (Shaw Decl. ¶ 10.)  There is no basis for Defendants to preclude SME from providing such testimony at trial.

Even if, for the sake of argument, one were to view such testimony as "opinion," SME's witnesses are competent under Fed. R. Evid. 701 to testify about the licensing fees SME would have charged Defendants.  The Advisory Committee Notes concerning the 2000 Amendments to Rule 701 are unequivocal:

> [M]ost courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, *without the necessity of qualifying the witness as an accountant, appraiser, or similar expert….*  Such opinion testimony is admitted not because of experience, training or specialized knowledge with the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business.  The amendment does not purport to change this analysis.

Fed. R. Evid. 701 Advisory Comm. Notes, 2000 Amendments (emphasis supplied) (citation omitted).

Notably, while Defendants cite Rule 701's Advisory Committee Notes, they misleadingly ***stopped short*** right at the point of the most apposite language block quoted above.  (D.E. 220 at 5.)

SME's witnesses whose job it is to determine the licensing fees to be charged for the use of SME's sound recordings are the individual ***most*** competent to testify about what the licensing fees for the Recordings would have been.  These individuals possess particularized knowledge by virtue of their employment and experience both in the music business and SME.  (*See* Shaw Decl. ¶ 4 ("I have been personally and deeply involved in assessing and determining what SME should and does charge as license fees for the use of SME Sound Recordings in social media video posts by brands and advertisers.").)  *See also United States v. Hill*, 643 F.3d 807, 841-42 (11th Cir. 2011)

("[T]he opinion testimony of a business owner or officer about the manner in which that company conducts its business, which is based on particularized knowledge she gained in her position, is properly treated as lay testimony.  Admission of that testimony does not require that she be qualified as an expert under Rule 702."); *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213, 1218, 1222-23 (11th Cir. 2003) (affirming admission of testimony under Rule 701 where district court had found:  "From what I can glean from his testimony, this is his business.  This is what he does for [the company]….  [H]e makes estimates, sets prices.  That's what he does.  And obviously, he's accountable for that" and thus competent to testify under Rule 701).

Contrary to Defendants' conclusory contention, no "specialized knowledge" from an expert under Rule 702 is required to aid the jury in understanding what SME's "core factors" are or how SME applies them.  *See, e.g.*, *United States v. Musselwhite*, 709 F. App'x 958, 972 (11th Cir. 2017) ("Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences … [a]nd where lay witnesses answer hypothetical questions 'not … based on any scientific, technical or other specialized knowledge, but instead based … on their personal experiences as officers of financial institutions with knowledge of their companies' policies and of the specific transactions at issue, …'") (citations omitted); *Schultz v. American Airlines, Inc.*, 449 F. Supp. 3d 1301, 1307 (S.D. Fla. 2020), *aff'd*, 855 F. App'x 656 (11th Cir. 2021) (admitting testimony of employee under Rule 701 where employee "work[ed] on the code that determines how the [company's] website functions" and where his testimony was "based on his own 'particularized knowledge' about [the company's] booking process – acquired through years of experience at the company"); *see also Lemieux v. Celebrity Cruises, Inc.*, No. 20-20591-CIV, 2021 WL 8892817, at *4 (S.D. Fla. Aug. 18, 2021)

("Even assuming arguendo that Plaintiff's experience as an occupational therapist could have qualified her as an expert witness on tripping hazards, her testimony does not automatically become 'expert testimony.'… 'Lay witnesses may draw on their professional experiences to guide their opinions without necessarily being treated as expert witnesses.'") (citations omitted).

In light of the foregoing, Defendants' arguments concerning the supposed untimeliness of Rule 702 disclosures is entirely immaterial.  Defendants' Motion is baseless and should be denied – for a second time.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion *In Limine* to Exclude Opinion Testimony Regarding Reasonable License Fees be denied.

Dated:  September 30, 2022                                Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3010
Facsimile:  (786) 582-3004

*s/ James G. Sammataro*
James G. Sammataro
Florida Bar No. 520292
Brendan S. Everman
Florida Bar No. 68702
David C. Rose (admitted *pro hac vice*)
William L. Charron (*admitted pro hac vice*)
jsammataro@pryorcashman.com
beverman@pryorcashman.com
drose@pryorcashman.com
wcharron@pryorcashman.com

*Attorneys for Plaintiffs*